IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL ENOCH HOWARD,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 24-CV-6672 |
| GIANT COMPANY, *et al.*,<br>    Defendants. | :<br>:<br>: |

### MEMORANDUM

COSTELLO, J.                                                                                                                  JANUARY 27, 2025

Plaintiff Daniel Enoch Howard initiated this civil action by filing a *pro se* Complaint against Springfield Township and its Police Department, Giant Food in Springfield, and Crozer-Chester Medical Center,[1] purporting to bring his action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He then filed an Amended Complaint against the same Defendants.[2] (ECF No. 5.) Howard also seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Howard leave to proceed *in forma pauperis* and dismiss his Amended Complaint without prejudice.

### I.     FACTUAL ALLEGATIONS[3]

Howard's handwritten form Amended Complaint is brief, unclear, and difficult to read. The Court understands Howard to assert that he was arrested for retail theft at a Giant Food store

---

[1] The Court understands Howard's named Defendants "Giant Company" and "Crozer Hospital" (*see* Am. Compl. at 5) to mean Giant Food and Crozer-Chester Medical Center.

[2] An amended complaint, once submitted to the Court, supersedes the prior pleading. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019).

[3] The facts set forth in this Memorandum are taken from Howard's Amended Complaint (ECF No. 5). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Additionally, the Court includes facts reflected in publicly available state court records, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

in Springfield Township around the Thanksgiving holiday on November 28, although it is unclear in what year.[4]  (Am. Compl. at 4.)  He appears to claim that he has mental health issues and that his arrest was "police misconduct."  (*Id.*)  He asserts that he has suffered "mental anguish, emotional distress," and an "invisible injury."  (*Id.* at 5.)  He also appears to assert that he was medicated against his will.  (*Id.*)  He appears to seek up to $50,000 in damages.  (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Howard leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Howard's Amended Complaint if it fails to state a claim. The Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Howard's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim."  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Howard is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the

---

[4]  The Court notes that there are no publicly available records of Howard having been arrested in Springfield Township on any charge.  However, public dockets reveal that Howard was arrested on November 29, 2022, by the Upper Merion Township Police Department and later pleaded guilty to a charge of retail theft in the Court of Common Pleas of Montgomery County.  *See Commonwealth v. Howard*, No. CP-46-CR-6906-2022 (C.P. Montgomery).

complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (internal quotations omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## III.   DISCUSSION

Fundamentally, the Amended Complaint fails to comply with Rule 8 or state a claim under § 1983 because Howard provides no factual allegations in support of his claims. His conclusory allegation of "police misconduct" is insufficient to state a claim. He does not claim, for example, to have been falsely arrested or that any arresting officer used excessive force against him. He does not even identify any individual Defendant by name or by alias, and he does not provide a factual narrative of what happened and when. Accordingly, Howard's Amended Complaint is far too "vague and ambiguous" to proceed. *Garrett*, 938 F.3d at 94.

3

Even affording the Amended Complaint the most liberal construction, Howard fails to state a claim to relief.  The Amended Complaint indicates an intent to bring claims against the Defendants pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  (*See* Compl. at 3.)  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Howard does not identify any person acting under color of state law who violated his rights.  He names Springfield Township and its Police Department as Defendants.  Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See, e.g.*, *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability." (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988))).  Therefore, the Springfield Township Police Department is not a proper defendant in this case under section 1983 and is dismissed.

As to Springfield Township itself, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation.  *See*

4

*Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Howard does not allege that any policy of Springfield Township injured him, so his claims will be dismissed.

As to Giant Food and Crozer-Chester Medical Center, Howard also fails to state a claim because these private companies are not state actors. Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

"Complaining in person to the police or filing a civilian criminal complaint are not acts of the State; they are acts that anyone can do. Filing a report or a civilian complaint does not transform a private citizen into a State actor." *Sous v. Timpone*, No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016) (citing *Boyce v. Eggers*, 513 F. Supp. 2d 139, 144-45 (D.N.J. 2007)). Participation in the related police investigation also does not render a private person a state actor for purposes of § 1983. *See Baack v. Rodgers*, No. 14-875, 2014 WL 4632380, at *1, 3 (E.D. Pa. Sept. 17, 2014) (rejecting § 1983 false arrest claim against a hospital and two of its employees who filed a police report regarding plaintiff's conduct because "reporting suspicious conduct to the police — or answering police questions about that conduct — without more, does not transform the Hospital Defendants into state actors" (citations omitted)); *Collins v. Christie*, No. 06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) ("[E]ven if Dr. Columbo intentionally provided the false information to the police, the plaintiff would still fail to state a claim under § 1983."); *O'Neil v. Beck*, No. 04-2825, 2005 WL 2030319, at *2 (M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the private citizen is a state actor for purposes of a claim brought pursuant to section 1983).

Howard appears to claim that Giant Food employees told police that he had stolen from the store. This is not state action. He also appears to claim that he was medicated while at Crozer-Chester Medical Center but does not provide any factual details or tie this action to anyone acting under color of state law or exercising traditional state functions. Accordingly, Howard has failed to state a claim against these Defendants.

Finally, to the extent that Howard intended to raise any claims under state law (*see* Am. Compl. at 5 (referencing "emotional distress," "IIED," and "NIED")), the only independent basis

for jurisdiction over such claims would be 28 U.S.C. § 1332(a). This provision grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). Howard has not raised any allegations about his citizenship or the citizenship of the parties, and it appears that all of the parties may be citizens of Pennsylvania, so there is no basis for exercising diversity jurisdiction here. Moreover, Howard seeks only $50,000 in damages, which is insufficient to satisfy the amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a)

7

(permitting district courts to exercise diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000").

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Howard leave to proceed *in forma pauperis* and dismiss his Amended Complaint without prejudice for failure to comply with Rule 8 and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Keeping in mind Howard's *pro se* status, the Court will grant him an opportunity to develop his allegations by explaining in a second amended complaint the "who, what, where, when and why" of his claims. *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)). An appropriate Order follows, which provides further instruction about amendment.

BY THE COURT:

_____
**MARY KAY COSTELLO, J.**