IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL ENOCH HOWARD,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-6672 |
| | : | |
| **GIANT COMPANY,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 27th day of January, 2025, upon consideration of Plaintiff Daniel Enoch Howard's Motion to Proceed *In Forma Pauperis* (ECF No. 1) and Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint and Amended Complaint are **DEEMED** filed.

3. The Amended Complaint is **DISMISSED** for the reasons in the Court's Memorandum, as follows:

    a. Howard's claims against the Springfield Township Police Department are **DISMISSED WITH PREJUDICE** for failure to state a claim; and

    b. Howard's remaining claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim and for lack of subject matter jurisdiction.

4. The Clerk of Court is **DIRECTED** to **TERMINATE** the Springfield Township Police Department as a Defendant in this action.

5. Howard may file a second amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint

and shall state the basis for Howard's claims against each defendant. The second amended complaint must also provide as much identifying information for the defendants as possible, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number. Howard may refer to a defendant by last name only if that is the only identifying information possessed. If Howard wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc. Without the name of at least one individual or entity, however, the Court may be unable to direct service of any second amended complaint that Howard may file. Physical descriptions of the Defendants may also serve as identifying information for John Doe Defendants. The second amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint or other papers filed in this case to state a claim. When drafting his second amended complaint, Howard should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

6.  The Clerk of Court is **DIRECTED** to send Howard a blank copy of the Court's form complaint for a non-prisoner filing a civil action bearing the above civil action number. Howard may use this form to file his second amended complaint if he chooses to do so.

7.  If Howard does not wish to amend and instead intends to stand on his Amended Complaint as pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with

the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

8.   If Howard fails to file any response to this Order, the Court will conclude that Howard intends to stand on his Amended Complaint and will issue a final order dismissing this case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

*/s/ Mary Kay Costello*

**MARY KAY COSTELLO, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons his case or otherwise makes adjudication of the matter impossible." (citing cases)).